1  Alden J. Parker, State Bar No. 196808
   aparker@weintraub.com
2  Melissa M. Whitehead, State Bar No. 262123
   mwhitehead@weintraub.com
3  **weintraub tobin** chediak coleman grodin
   LAW CORPORATION
4  400 Capitol Mall, 11th Floor
   Sacramento, CA 95814
5  Telephone: (916) 558-6000
   Facsimile: (916) 446-1611
6
7  Attorneys for Defendant
   LINDER PSYCHIATRIC GROUP, INC.
8  Erick C. Turner, State Bar No. 236186
   erick@callaborcounsel.com
9  Turner Law Group
   1104 Corporate Way
10 Sacramento, CA 95831
   Telephone: (916) 529-3265
11
12 Brian S. Crone, State Bar No. 191731
   briancrone@cronelawoffice.com
13 The Law Office of Brian Crone
   1104 Corporate Way
14 Sacramento, CA 95831
   Telephone: (916) 395-4464
15 Attorney for Plaintiff JOELLE STALLSMITH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| JOELLE STALLSMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINDER PSYCHIATRIC GROUP, INC., a California Corporation; DAVID LINDER, M.D., an individual; RENAE LINDER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00667-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER AND CERTIFICATE REGARDING CONFIDENTIALITY**<br><br>Action Filed: November 18, 2014<br>First Amended Complaint: February 17, 2015<br>Action Removed: March 24, 2015 |

*CAPTION CONTINUED ON PAGE 2*

| | |
|---|---|
| LINDER PSYCHIATRIC GROUP, a California Corporation | ) ) ) |
| Counter-Claimant, | ) ) |
| v. | ) ) |
| JOELLE STALLSMITH, an individual; and ROES 1 to 100, inclusive, | ) ) ) |
| Counter-Defendants. | ) ) |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree to the following, upon the Court's entry of the order discussed herein:

### Part One:  Use of Confidential Materials in Discovery

1.   Any party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, confidential business or private or personal financial information, or information protected by third party privacy rights, subject to Federal Rule of Civil Procedure 5.2, or under other provisions of California and/or federal law.  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

2.   A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition

transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.  All Confidential Information produced or exchanged in the course of this case (not including information that is publicly available or that has been previously produced in this action) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.  Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

   a) Counsel for the respective parties to this litigation, including, in-house counsel and co-counsel retained for this litigation;

   b) Employees of such counsel;

   c) Individual parties or officers or employees of a party for the prosecution or defense of this litigation;

   d) Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by the defendant or one of its competitors (as listed on Appendix A), the party shall notify the opposing party, or designating non-party, before disclosing any Confidential

Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

   e)  Any authors or recipients of the Confidential Information;

   f)  The Court, court personnel, and court reporters; and

   g)  Witnesses (other than person described in paragraph 4 e).  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition in which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

  5.  Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  6.  In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers, concurrently with a Request to Seal, in compliance with Eastern District Local Rule 141.

  7.  A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who objects to the designation of the material as Confidential shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order removing the designation of the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is not entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a) The party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    b) The party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c) The Court rules the material is not Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed. Notwithstanding the foregoing, counsel for each party may retain, as part of his or her client files, one (1) copy

of said material consistent with the firm's document retention policies, but shall maintain the confidential nature of the information.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**Part Two:  Use of Confidential Materials in Court**

The following provisions govern the treatment of Confidential Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

These provisions are subject to Federal Rules of Civil Procedure 26 and 5.2 and Eastern District Local Rule 141 and must be construed in light of those Rules.

12. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information, and who seeks to have the record containing such information sealed, shall submit to the Court a request to seal, pursuant to Federal Rule of Civil Procedure 5.2 and Eastern District Local Rule 141.

13. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply the following requirement:

a) At least ten (10) business days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. Any affected party or

non-party may then file a request to seal, pursuant to Federal Rule of Civil Procedure 5.2 and Eastern District Local Rule 141; or

14. In connection with a request to have materials sealed pursuant to Section 12 or Section 13, the moving party shall submit a "Notice of Request to Seal Documents," a "Request to Seal Documents," a proposed order, and all documents covered by the request. The "Notice of Request to Seal Documents" shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties, as well any other information or documents required by Eastern District Local Rule 141.

15. This Stipulated Protective Order and any written modification hereof may be enforced by the Court either on its own motion or by any party, after appropriate notice and motion, including without limitation, for sanctions pursuant to Federal Rules of Civil Procedure 11 and 37.

IT IS SO STIPULATED BY THE PARTIES AND THROUGH COUNSEL OF RECORD.

Dated: December 1, 2015     **Brian S. Crone, Attorney At Law**

By:     s/ Brian S. Crone
        Brian S. Crone
        Attorney for Plaintiff
        JOELLE STALLSMITH

Dated: December 1, 2015     **weintraub tobin** chediak coleman grodin
                            LAW CORPORATION

By:     s/ Alden J. Parker
        Alden J. Parker
        Attorneys for Defendant
        LINDER PSYCHIATRIC GROUP, INC.

**ORDER**

Based upon the Stipulation of the parties and good cause appearing therefore, it is so ordered.

Dated:  December 2, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order and Order dated _____, 2015, in *Stallsmith v. Linder Psychiatric Group, Inc.*, et al, United States District Court, Eastern District of California, Case No. 2:15-cv-00667-MCE-CKD. I have been given a copy of the Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, or sooner if requested, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 201_, at _____.

By: _____

Address: _____

_____

Phone: _____

weintraub tobin chediak coleman grodin
LAW CORPORATION