UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOELLE STALLSMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDER PSYCHIATRIC GROUP, INC., et al.,<br><br>    Defendants. | No. 2:15-cv-0667 CKD<br><br>ORDER |

    Plaintiff's motion for class certification came on regularly for hearing on January 20, 2016. Brian Crone and Erick Turner appeared for plaintiff. Alden Parker appeared for defendants. The parties have consented to magistrate judge jurisdiction pursuant to Title 28, United States Code Section 636(c)(1). Upon review of the documents in support[1] and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    In this action, plaintiff alleges she was not paid minimum wage for all hours worked, was not paid for overtime, was not provided meal and rest breaks, and was not provided proper

---

[1] Plaintiff has raised new arguments in the reply brief and submitted new evidence in connection with the new arguments. Plaintiff fails to demonstrate good cause for the belated briefing on this matter and consideration of such would transgress against the canons of fair forensics. The new arguments raised in the reply brief shall therefore be stricken.

itemized wage statements.[2]  Plaintiff seeks past due wages, interest and penalties.  Plaintiff contends that defendants pay employee clinicians only one hour for each patient visit, regardless of how much time is spent preparing the paperwork after each clinical visit.  Plaintiff also assert that clinicians are not paid for time spent preparing for patient visits, preparing administrative paperwork, preparing clinical notes after visits, responding to telephone calls from patients, waiting for no-show patients, performing mandated reporting requirements, waiting between patient visits, responding to mandatory insurance audits, and attending staff meetings.

Plaintiff's proposed class comprises all employees of defendants from November 18, 2010 to the present who are currently or formerly employed as a clinician/provider and who are/were paid pursuant to a "Piece Meal Employment Agreement" or a "Participation Agreement."  In the moving papers, plaintiffs proposed eleven subclasses based on the various claims raised in the complaint, e.g. "minimum wage" subclass, "overtime wage" subclass, "missed meal" subclass, etc.  In the reply brief and at the hearing, plaintiff now proposes just one subclass comprising "all members of the proposed plaintiff class who were regularly denied meal breaks as a result of defendants' policies and practices."

To certify a class, plaintiff must demonstrate that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.[3]  Fed. R. Civ. P. 23(a).  In addition to satisfying the requirements of subsection (a), plaintiff must also show that the action is one of the three types of class actions described in subsection (b).  Plaintiff here contends class certification is appropriate under Rule 23(b)(3) (questions of law or fact common

---

[2]  Plaintiff predicates most of her claims on alleged violations of the California Labor Code and other state causes of action.  In the first amended complaint, plaintiff alleged for the first time a claim under the Fair Labor Standards Act ("FLSA"), and on that basis the action was removed from state court under federal question jurisdiction.  See First Amended Complaint, ECF No. 1-2 at 2-39.

[3]  Defendants do not contest the adequacy of plaintiff's counsel to represent the proposed class.  Because the court finds that plaintiff fails to demonstrate the requirements of Rule 23(a)(1)-(3), the court makes no finding under Rule 23(a)(4).

to class members predominate over any questions affecting only individual members and that class action is superior to other available methods for fairly and efficiently adjudicating controversy).[4]  Among other arguments, defendants contend that plaintiff fails to demonstrate numerosity, commonality, or typicality.   Dispositive is plaintiff's failure to establish that there are questions of law or fact common to the proposed class.[5]  Among the requirements of Rule 23(a), plaintiff must meet the "rigorous" commonality standard established in Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (requiring that class members' claims "depend upon a common contention ... [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").  Plaintiff fails to demonstrate commonality on the causes of action plead in the first amended complaint.

With respect to the first cause of action for failure to pay minimum wages, individualized determinations will need to be made as to each class member to evaluate whether the compensation paid under defendants' policies resulted in payment of less than the minimum wage.  The declarations submitted by plaintiff from various employees all claim different amounts of allegedly uncompensated time and for different kinds of tasks, none of which were

---

[4] In the moving papers, plaintiff asserted that certification was also appropriate under Rule 23(b)(1) (prosecuting separate actions would create risk of inconsistent or varying adjudications). In the reply, and confirmed at the hearing, plaintiff now only claims certification is appropriate under Rule 23(b)(3).

[5] With respect to numerosity, plaintiff asserts that there are upwards of 40 or more members. That estimate is based on the number of clinicians employed by defendants during the relevant time period. Plaintiff submits nine piece-meal agreements in support of the motion and the declarations of five clinicians who were paid pursuant to a piece-meal agreement. Defendants' declarations establish seven other employees who were paid pursuant to piece-meal employment agreements.  Plaintiff makes an inadequate showing as to why joinder of the class members (who appear to all be located in a locally circumscribed geographic area and can be readily identified) cannot be practicably joined.

Plaintiff also fails to show typicality. Defendants here have made a counterclaim against plaintiff alleging that she breached her employment agreement by terminating her employment prior to the end of the agreed-upon term of employment and that plaintiff further breached her employment agreement by transferring defendants' patients to her private practice after termination of her employment. Although plaintiff contends this counterclaim is spurious, it is apparent that significant time and effort on the part of class counsel will be spent defending the counterclaim.  Plaintiff makes no showing that such a counterclaim and the defenses thereto are typical to the class.

recorded. Thus individual inquiries will have to be made regarding the employees' weekly scheduled appointments and the estimated unrecorded time worked. In addition, each employee was paid different hourly rates, again requiring an individuated analysis to determine whether minimum wage was paid.[6]

Plaintiff also alleges a claim for failure to pay overtime wages. The employer is not liable for overtime pay where the employee fails to notify the employer of the overtime work. As with the minimum wage claim, to show liability each class member will have to prove the amount of overtime worked and that the employer had knowledge of such.[7] Because a separate factual inquiry must be made as to each class member in order to prove this claim, commonality is lacking. Similarly, plaintiff's claim for wage statement violations, which is based on plaintiff's claim that defendant failed to pay class members for all hours worked, is derivative of plaintiff's other claims and requires individual analysis as to each class member.

With respect to plaintiff's claim for meal and rest period violations, plaintiff must prove that defendants effectively precluded class members from taking these breaks. The declarations submitted by plaintiff do not support a claim that there existed a uniform policy or practice that prohibited class members from taking the meal or rest breaks, and such a claim is directly contradicted by defendants' Employee Handbook of Personnel Policies and Procedures, which authorized employees to take meal and rest breaks. As with plaintiff's other claims, individualized analysis of each member's claims regarding missed breaks would be required in order to assess the employer's liability.

---

[6] Plaintiff appears to concede a separate trial on damages or that appointment of a special master to assess damages would be appropriate because of the individualized issue of damages. See Reply, ECF No. 27 at 15:11-14. Plaintiff correctly contends that damages requiring an individualized analysis as to each class member cannot alone defeat class certification. See Leyva. v. Medline Indus. Inc., 716 F.3d 510, 513 (9th Cir. 2013). With respect to the minimum wage claim, however, each member's employment agreement must be examined along with each member's claimed uncompensated hours to determine in the first instance liability for failure to pay minimum wage.

[7] Only two of the employee declarations submitted by plaintiff indicate that the employees were not paid overtime and no estimate of the unpaid overtime hours are provided by these employees.

Plaintiff's other claims, for waiting time penalties,[8] unfair competition[9] and Labor Code § 558[10] penalties are derivative of plaintiff's claim for unpaid compensation. Because the underlying claims upon which these causes of action are predicated lack commonality, plaintiff fails to demonstrate commonality of these claims as well.

Plaintiff also makes a claim for breach of contract. Plaintiff alleges defendant LPG (Linder Psychiatric Group, Inc.) breached the contract by failing to afford a minimum of 35 hours of work per week, failing to pay the contractually specified rate of pay for each worked hour per pay period, and failing to afford plaintiff and the class members employee benefits. The employee agreements submitted by plaintiff show the lack of commonality with respect to the claim for breach of contract insofar as the number of hours a particular clinician was required to be available for work varied from 20 hours per week, to 32 hours per week, to 35 hours per week, depending on the terms of the specific contract for that individual. Whether defendant LPG breached its obligation to "afford" each class member the number of hours specified in the individual contracts will require an analysis with respect to each employee of the efforts undertaken by defendant LPG to schedule appointments for each clinician and other factors which may have restricted the availability of each clinician. As discussed above, the issue of whether defendants failed to pay the contractually specified rate of pay for each hour worked lacks commonality. With respect to benefits, the employee contracts submitted in connection with the motion vary in whether benefits are even included in the contractual obligation. For these reasons, plaintiff fails to demonstrate commonality of her claims and the motion for class

---

[8] Under Labor Code §§ 201, 202, the employer is subject to a penalty for all unpaid wages that are not paid immediately upon termination or within 72 hours of resignation. Plaintiff's claim here for waiting time penalties is predicated on the claim that class members were not paid wages for all hours worked.

[9] Plaintiff predicates her claim for unfair competition on the claims that defendants failed to pay minimum wage, overtime wages, and meal and rest break premiums.

[10] The claim under Labor Code § 558 is based on defendants' alleged failure to provide meal and rest breaks and failure to pay premiums for violations of the meal and rest break policies.

1  certification will be denied.[11]

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. Arguments raised in the reply which were not addressed in plaintiff's opening brief are hereby stricken as is the evidence submitted in connection therewith. Defendants' objections on the basis of hearsay are sustained.

6  2. Plaintiff's motion for class certification (ECF No. 25) is denied.

7  Dated: January 22, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 stallsmith0667.classcert

---

[11] Assuming arguendo that plaintiff has met her obligation under Rule 23(a), plaintiff fails to demonstrate under Rule 23(b)(3) that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."