UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOELLE STALLSMITH, | No. 2:15-cv-0667 CKD |
| Plaintiff, | |
| v. | ORDER |
| LINDER PSYCHIATRIC GROUP, INC., et al., | |
| Defendants. | |

Plaintiff's motion for partial summary judgment came on regularly for hearing on September 28, 2016. Brian Crone appeared for plaintiff. Alden Parker appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff moves for summary judgment on the first and seventh cause of action for failing to pay minimum wage and failing to provide a rest period;[1] on the second cause of action for

---

[1] California Labor Code § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

1

1  failing to pay overtime compensation; and on the fourth cause of action for waiting time penalties
2  for defendant's willful failure to pay plaintiff all wages due at the time of plaintiff's employment
3  termination.
4      Summary judgment is appropriate when it is demonstrated that there "is no genuine
5  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
6  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by
7  "citing to particular parts of materials in the record, including depositions, documents,
8  electronically stored information, affidavits or declarations, stipulations (including those made for
9  purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R.
10 Civ. P. 56(c)(1)(A).
11     Summary judgment should be entered, after adequate time for discovery and upon motion,
12 against a party who fails to make a showing sufficient to establish the existence of an element
13 essential to that party's case, and on which that party will bear the burden of proof at trial.  See
14 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an
15 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
16 Id.
17     If the moving party meets its initial responsibility, the burden then shifts to the opposing
18 party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
19 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
20 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
21 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
22 and/or admissible discovery material, in support of its contention that the dispute exists or show
23 that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.
24 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
25 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
26 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
27 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
28 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

1  party,  see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

2        In the endeavor to establish the existence of a factual dispute, the opposing party need not
3  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
4  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
5  trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce
6  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
7  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
8  amendments).

9        In resolving the summary judgment motion, the evidence of the opposing party is to be
10  believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the
11  facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475
12  U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
13  obligation to produce a factual predicate from which the inference may be drawn.  See Richards
14  v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
15  (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
16  simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
17  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
18  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

19        Plaintiff was paid on a "piece-rate" basis for the counseling services she provided to
20  patients.  Plaintiff was paid an hour for each patient, with actual counseling taking 45-50 minutes
21  and the 10-15 minute balance being used for paper work associated with the patient visit.  Under
22  California law, where employees are paid on a piece-rate basis, rest breaks must be separately
23  compensated.  See Bluford v. Safeway, 216 Cal. App. 4th 864, 872 (2013).[2]  Defendant opposes
24  the motion for partial summary judgment, in part, on the basis that plaintiff was allowed to take
25  rest breaks during the 15 minutes after the actual counseling occurred.  Defendant relies on
26  Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012) (employers are required to

---

[2]  The court finds unpersuasive defendant's argument that the piece-rate work here should be treated differently than piece-work involving manual labor such as a roofing piece-rate worker.

3

1  provide employees with the opportunity for duty free meal breaks but are not required to mandate
2  that such breaks be taken).  Defendant's reliance on Brinker is unavailing.  In moving for partial
3  summary judgment on this claim, plaintiff contends defendants are liable because no provision
4  was made for separate compensation for rest breaks.  This contention is well taken.  Although the
5  employee handbook, which was provided to plaintiff, authorizes rest breaks, there is no triable
6  issue that plaintiff was never informed by management that she could record on her time sheet
7  any time spent on rest breaks separate and apart from the time she claimed for the piece work of
8  counseling patients.  Although employees were informed they could claim administrative time on
9  the "superbill" (such as for performance reviews of other clinicians, attending mandatory
10 meetings or doing quality assurance audits), defendant adduces no admissible evidence[3] that
11 plaintiff was ever informed that she could bill administrative time for rest breaks.  Defendant
12 raises no triable issue on whether plaintiff was ever provided separate compensation for rest
13 breaks above and beyond her piece work hourly rate or whether provision was made for claiming
14 compensation for said breaks.  Because defendant failed to provide separate compensation for rest
15 breaks, minimum wage was not paid to plaintiff.  Plaintiff is entitled to partial summary judgment
16 on the first and seventh causes of action.

17      Plaintiff also moves for partial summary judgment on her second cause of action for
18 failure to pay overtime.  Plaintiff contends that she worked a total of 17.5 hours of overtime and
19 is therefore entitled to $288.75 in overtime compensation.  Defendant argues that plaintiff was
20 subject to a 4 day-10 hour employment agreement in which plaintiff agreed to forgo overtime pay
21 for hours exceeding an 8 hour work day.  Defendant adduces no competent evidence that plaintiff
22 was subject to such an agreement.  Defendant submits no documents demonstrating compliance
23 with the alternative work week election requirements as mandated by California Wage Order No.

---

[3] Plaintiff objects to the declaration of Renae Linder on the grounds that it contradicts her prior deposition testimony and the declarations previously submitted in connection with the motion for class certification.  Plaintiff also objects to the declaration on the grounds of hearsay and best evidence rule with respect to the portion of Linder's declaration that attempts to establish the contents of an apparent written agreement between plaintiff and defendant regarding an alternative workweek agreement of four ten-hour days.  These objections are well taken and accordingly sustained.

4 (requiring a written agreement proposed by the employer, which agreement must be adopted in a secret ballot election by 2/3 vote of the affected employees, and full disclosure by the employer to the employees of the effect of such an agreement on the employees' wages, hours and benefits). The alternative workweek election by defendants that is on record with the Department of Industrial Relations was submitted November 19, 2015, more than a year after plaintiff's employment ended.[4] Again, defendant fails to raise a triable issue on this claim and partial summary judgment will be granted.

The final claim on which plaintiff moves for partial summary judgment is the fourth cause of action for waiting time penalties. Under California Labor Code § 203(a), if an employer willfully fails to pay wages due within 72 hours after the termination of employment, the employer is liable for waiting time penalties. The failure to pay does not have to be done with a malicious or fraudulent intent. See Armenta v. Osmose, Inc., 135 Cal.App.4th 314, 325 (2005). Willfulness has been construed under the statute to mean the employer intentionally failed to pay the wages which were required under the law to be paid. Id. Defendant attempts to raise a triable issue on this matter with a declaration that "LPG provided [plaintiff] with her final paycheck, which on LPG's good faith belief, accurately compensated her for all wages owed." ECF No. 40-4, Linder Decl. ¶ 16. Defendant's "good faith belief" is insufficient to avoid liability for waiting time penalties. The law was well settled at the time of plaintiff's employment termination that piece-rate workers must be provided separately compensated rest breaks. See Road Sprinkler Fitters Local Union No. 669 v. G&G Fire Sprinklers, Inc., 102 Cal.App.4th 765, 782-783 (2002) (where law is clear at time of employee's discharge, employer cannot claim good faith belief to avoid liability under section 203). Plaintiff is entitled to both partial summary judgment on the overtime claim and the minimum wage claim arising out of the failure to separately compensate rest breaks. Because these wages were due and owing at the time of plaintiff's termination, defendant owes waiting time penalties which in this case total $7,920 (plaintiff's contractual $33/hour x 8 hours x maximum 30 days allowed under Cal. Labor Code

---

[4] The court takes judicial notice of the records of the California Department of Industrial Relations. Fed. R. Evid. 201.

§ 203).

Accordingly, IT IS HEREBY ORDERED that:

Plaintiff's motion for partial summary judgment (ECF No. 39) is granted as follows:

    a. On the first cause of action, defendant Linder Psychiatric Group, Inc. ("LPG") violated the California minimum wage law in that it failed to pay plaintiff separate compensation for 99 rest periods, all in an amount to be proven at trial;

    b. On the seventh cause of action, defendant LPG violated California Labor Code § 226.7 in that it failed to provide plaintiff with a paid rest period and failed to pay plaintiff the additional wages required by California Labor Code § 226.7 for 99 rest periods, all in an amount to be proven at trial;

    c. On the second cause of action, defendant LPG violated California Labor Code § 510 in that it failed to pay plaintiff overtime compensation for fifteen separate workdays in which plaintiff worked for more than eight hours per day, all in an amount to be proven at trial; and

    d. On the fourth cause of action, defendant LPG violated California Labor Code § 203 in that it willfully failed to pay plaintiff all wages due and owing on her last day of employment and plaintiff is therefore entitled to waiting time penalties in the amount of $7,920.

Dated: October 7, 2016

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

4 stallsmith0667.57